Next case on this morning's docket is Estes v. Chew et al. Are you ready to proceed? Yes. Counsel. Good morning. May I please have the floor? Good morning. The trial report aired in finding that Post Department Store owed no duty to the appellant, Mrs. Estes, when it, when, when Cole's negligently engaged in a car chase resulting in a collision giving rise to injuries to Mrs. Estes. On the day in question, Mrs. Estes was driving on Long Acre in Fairview Heights when a car driven by Spirit Chew collided from, collided with her automobile from behind. Behind Mrs. Chew was the Cole's security guard that had given chase to Mrs. Chew under the presumption that Mrs. Chew allegedly had been shoplifting in their department store. Just a few minutes previous to this. The Section 876 of the Restatement of Courts provides for liability for Cole's under the theory of concerted activity. Cole's provoked the car chase of Mrs., between Cole's and Mrs. Chew, or Ms. Chew. The car chase eventually resulted in the collision that gave rise to damages to Mrs. Estes. Sections B and C of 876 provide that under B, liability exists if the actress knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other, to the other so to conduct himself. Section C provides liability when the actor gives substantial assistance to the other in accomplishing a tortious result and his own conduct separately considered constitutes a breach of the duty to the third person. Both of these sections can be applicable to the facts in this case. Sankey v. Pesina is a case recently decided that actually, though, is factually analogous to the case at heart. Sankey v. Pesina involved a drag race in which Mr. Pesina was accused of encouraging and goading the driver of a car that eventually resulted in hitting Ms. Sankey and causing injury to Ms. Sankey. The court found that Mr. Pesina was liable under this theory, the Section 876 of the Restatement of Torts, based on the notion that Pesina's goading, encouraging, facilitating of the actions of the driver eventually resulted, combined with the actions of the driver, resulted in the tortious conduct that gave rise to the injuries to Sankey. Additionally, the appellant relied on Clawson v. Carroll. This case also involved the actions of two drag racers. In this case, Carroll received injuries as a result of Clawson engaging in a drag race with another driver. In this particular case, two drivers separately on the road were drag racing when Clawson was impacted by one of the drivers. Carroll was not the actual driver that made contact with Clawson. However, the court interpreted the conduct of Carroll to be such that it combined with the contact of the actual driver who made contact with Ms. Clawson, giving rise to the injuries that Ms. Clawson eventually suffered. Both of these cases were premised on the theory of concerted, tortious conduct. In the case of Barr, we have a situation where Cole's apartment store negligently, even recklessly, engaged in a car chase onto a public street, endangering the public, frankly, clearly endangering one particular person, a public member of society, Ms. Estes, who eventually wound up with very profound physical injuries. The defendants, Cole's, would like to rely on a theory of defense that really is not relevant to the case of Barr. Primarily, they have defended on the issue of premises liability. Premises liability cases that have been cited in their brief clearly do not reflect the facts that are here in Ms. Estes' case. Each case, the defense has cited as a regard to injuries that eventually resulted from an invitee being involved in some sort of physical confrontation with another invitee. In this case, Ms. Estes was by no means an invitee. She was a regular private citizen on a public highway. Cole's was in the process of pursuing a private interest onto a public street. They did so in a reckless manner. Now, excuse me, there's a rather major dispute as to the facts as to whether the security guard even left the premises. Yes, Your Honor. Isn't there? That is a dispute. However, the trial court below acknowledged in our motion for reconsideration that factually speaking, the facts would have to be construed as the plaintiff presented them in order to review our legal issue and the defense of the defendant. So for the purposes of today's proceedings, we should presume that the plaintiff's allegations are accurate. They provided an affidavit. And did you file a counter affidavit? Yes, Your Honor. Okay. Is it in the appendix? Yes, it is, Your Honor. Okay. I'll find it. That's all. Go ahead. It was provided by one of the witnesses to the event that day. Finally, the defendants have sought a defense in the issues of possibility of public policy. I find that, you know, an ironic defense given the fact that it's the very actions of the defendant that cause a danger to the public by engaging recklessly in a car chase onto a public highway, onto a public street that eventually caused injuries to the public, or to a member of the public, Mrs. Estes. The theory or the idea that Coles had a right to protect his property outside of his own building, outside of his own property, is not one well-rounded in the theories of public safety. This action that, you know, as we have alleged and as eventually can be proven, this incident took place on a highway, on a street, a mile or so away from Coles' property. Ms. Estes was by no means an invitee. She was not on the property at the time of the incident. The case decided by the defendant would suggest otherwise. Therefore, the defendant cannot persuasively argue that Ms. Estes did not have a reasonable expectation of due care from the defendant, Coles' apartment store, when they chose to engage in a car chase in pursuit of an alleged shoplifter onto a public access highway. Therefore, the plaintiff does, or the appellant does seek remand to the lower court and a reversal of the summary judgment decision. Thank you, Counselor. You will be offered rebuttal from this, sir. Thank you. Thank you. May I please report? Good morning. My name is Jessica Prosperig, and I'm here today to represent the appellee, Coles' Apartment Stores, Incorporated. This case today raises the issue of whether a retail establishment should be liable for the actions of a shoplifter fleeing a retail establishment's premises who caused injury to a third party approximately one mile away from the retail's premises. Because the plaintiff in the underlying action was not a customer of the defendant and was struck by a third party away from the defendant, Coles' premises, the defendant owed absolutely no duty to the plaintiff as no relationship whatsoever existed between them. Therefore, the decision of the lower court granting summary judgment in favor of the defendant, the appellee, Coles, should be affirmed. I'll only be discussing two points today that established why the summary judgment should be affirmed. First, the case law establishes that the defendant, Coles, owed no duty to the plaintiff. Because there was no duty, obviously there can be no negligence, and there was a sole count of negligence against the defendant, Coles, in this action. Imposing a duty on the defendant would be against public policy as it would place an unreasonable burden upon retail establishments. The second point I'd like to make is that plaintiff's only theory that establishes any potential liability against the defendant, Coles, the in concert or substantial assistance theory, is not in any way applicable to the facts of this case because the defendant's alleged actions of pursuing a fleeing shoplifter were not done in concert with the tort user's actions and do not amount to substantial assistance of those fleeing suspects' actions. Our counsel for appellant has laid out some of the facts in this case. Really, there are only three facts that are important to determining whether there was a duty. First, it should be noted that there were two other co-defendants in this matter, including Saria Shu, who was the driver of the vehicle who struck the plaintiff's vehicle and caused her injuries. The plaintiff does not allege that any Coles employee actually caused her injury or struck her vehicle, and the plaintiff also does not allege, as counsel has presented to you, that the plaintiff was on the defendant's property on the day the incident occurred. There was some discussion about the two contradictory affidavits, and it is true that Brian T. Bailey, who was a former security guard for the Coles establishment, did have an affidavit wherein he stated that he did not pursue Ms. Shu, the co-defendant. And we'll take it as true that actually, even if he did pursue her, which the other affidavit, Tiara Gardner, who was also a passenger in Ms. Shu's vehicle, asserts. Because these facts are not important to the assessment of whether or not there was a duty. Which leads me to my first argument that all of the case law establishes that there is— the defendant owed no duty to the plaintiff in this case. And because there was no duty, there can be no negligence, and therefore the defendant, Coles, is entitled to judgment as a matter of law. Now, are you telling us that he could drive his car in a reckless manner through a neighborhood, chasing her, and someone is injured as a result of it? That they have no duty in that case? Well, first of all, that's in no way what we were alleged, and it's not what that case alleged. But even so, that Coles would have— But we almost have—he proceeded to give Chase the vehicle on city streets. I don't—you know, we know this is—there's a dispute as to that. But how far do we take this, that this guy can do anything he wants to do, as long as he's outside the present—as long as it didn't occur within Coles? Right. And you have to look at the relationship between the plaintiff in this action and Coles. Now, is there an action potentially between another party and Coles for that, perhaps? Is there an action between the plaintiff and the party, the co-defendant, who struck her? Absolutely. Is there any relationship whatsoever between a Coles employee and an individual who was struck by a third party? No. The court has to assess the duty that's owed by Coles to random third-party citizens on the public— Is it foreseeable that somebody in pursuit— We'll concede that it was foreseeable. However, foreseeability of injury is not the only consideration of the court.  a liability to a third-party citizen on the public streets. So in the Ward case, the court pointed out that foreseeability of injury alone is not sufficient to establish a duty and that there actually has to be a special relationship of some sort between the plaintiff and the defendant. And there is absolutely no relationship here between Ms. Estes and Coles, because she was not on the Coles premises. She was not shopping at Coles on that day. And so, therefore, there cannot be any duty on Coles. If you're looking for some fault here, it was the co-defendant, Ms. Chu, whose vehicle actually struck the plaintiff in this matter, and that's where the liability falls. Are you familiar with—I believe this is correct—that a police officer who acts— who is pursuing a suspect in a reckless manner, willfully, even in that instance, can be held liable for injuries caused to an innocent third party? Why would this be any different? I'm somewhat familiar with that police officer, which the plaintiff doesn't raise in her brief, and the argument wasn't presented before this court, but I will address that there is a very distinct difference between a police officer, who arguably could have some sort of a relationship with a citizen on the streets that he patrols. In contrast, that you're looking at a Coles, a retail establishment with a premises, and already has liability on that premises. And so, finding a responsibility for them to patrol the surrounding neighborhood of their establishment is not reasonable, and there is a big distinction between a police officer and a member of a privately owned business of the community. I know it's not the facts of this case, but what if he had taken a shot at her? Well, absolutely. And hit somebody. Then there would be negligence there. There would actually be a relationship between the Coles employee and the individual who was injured. That's not the facts of this case. And actually, Judge O'Malley made some comments, and it's in the record on appeal, wherein he noted his distaste for police chases. However, he also noted in the same sentence, I don't like to see people chasing people on the streets, but I still have to find a duty. And as his orders have shown, he found no duty under these facts for the Coles employee in this case and Ms. Estes, who was injured. So, perhaps there might be a case that exists where an employee actually causes damage to a third party on the street, but those are not the facts of this case, and there is no duty that can be found. Okay. So, continuing on, the court, as I said, has to weigh the foreseeability and likelihood of injury against the burden to the defendant of imposing a duty and the consequences of imposing this burden. And there would be severe consequences if this burden was imposed on retail establishments like Coles. In what way? Basically, it would prevent security guards and retail establishments from ever pursuing or enforcing any of their limitations on people shoplifting. They could get on the telephone and call the police and let them know. Which is what Mr. Bailey did in this circumstance. But we're assuming he didn't. Well, actually, you can still assume that he called the police, but that he also pursued her. But we're also to assume that he pursued her and possibly chased her into an intersection where she got broadsided. Right. And that can be assumed. But, again, it goes back to no relationship between the injured party and Coles. But you were talking about the public policy and how it would curtail their ability to. . . Right. And there's another issue to consider, which in the Brown case the court stated, is that shoplifting suspects often flee anyways. If there's going to be any sort of enforcement for these retail establishments to prevent people from shoplifting their goods and to prevent the raising of prices unnecessarily, people are going to flee the premises. And so there needs to be a certain amount of responsibility on the citizens of the public that they know. They can't just run out of the store and strike someone and then someone else is to blame. There needs to be accountability for the actual tortfeasor, the actual party in this case, the co-defendant, Ms. Tu, who actually caused the damage to Ms. Estes and her alleged injuries. The limit on that is that you can do that, but you can't do it negligently. I mean, you have a right to pursue people, and there's cases that you've cited that clearly show there wasn't a factual problem. But if you do that negligently, why wouldn't there be accountability on your part? Well, I guess it goes back. . . In Brown it says that the only duty that the security guard had was to use ordinary care that he not collide with or injure a customer. And even extending that further, that he not collide with or injure a citizen on public streets. Mr. Bailey, the pool's employee, did not collide with or injure anyone. So he did, according to the Brown case and all the case law that exists today, he did comply with his duties. So if he would have bumped back into the car, into hers, he's got to directly hit her. Yes. He's got to shoot her or he's got to hit her with his car. Case law establishes there has to be some sort of a relationship between the injured plaintiff and the defendant, and here there just isn't. There is no relationship at all whatsoever. The culpable party is the co-defendant, Ms. Chu, who actually struck the vehicle. She chose to flee. She chose to, you know, act recklessly, and we claim that Mr. Bailey's actions were not. . . Isn't that a factual issue? Well, no, I still don't think it's a factual issue because even assuming that Mr. Bailey, which he did not, pursued Ms. Chu, you know, speeding or something else, there still is no relationship between the plaintiff and our client pools, and maybe there might be some alleging the facts, which we don't believe are true. Maybe there is some possibility that perhaps if the facts show that Mr. Bailey had recklessly pursued Ms. Chu, she might have some sort of a counterclaim against him in this action. That's not the case here. There's one full count against Kohl's for negligence. There's nothing else in the complaint. So the issues as they are presented before this court, there's only one answer, and that is that there was no duty from Kohl's to Ms. Chu under these circumstances. And moving on, the cases that counsel cites and the theory that she suggests are applicable here, the in concert liability and the substantial assistance, obviously have no bearing on the facts of this case. Kohl's was not a contributing tortfeasor. Its actions were not in concert with nor did they substantially assist the actions of the actual tortfeasor, Ms. Chu. I laid out a definition of a concerted action or plan, and that's one that's planned together. There's two minds that come together for one end result, and obviously that's not the case here, because as the affidavit of Mr. Bailey and also the contradicting affidavit of Ms. Tierra assert, Mr. Bailey, the Kohl's security guard, came out of Kohl's, approached Ms. Chu, asked her to return to the store so they could address the situation of figuring out whether she had shoplifted, and she fled. So it was Kohl's idea for her to return. It was her idea to flee. Obviously, these two are not in concert. They're in concert as far as Chase is concerned. Still, I don't think that that meets the definition of in concert or substantial assistance because it was not. They didn't have a common plan. One common plan was to escape. The other was for her not to escape, assuming that the facts that Ms. Tierra alleged are true. And just going on, the applicable sections of the Restatement 876 password and illustrations, none of those illustrations are in any way applicable to the facts of this case. For example, one that's stated in the SACI case is that A and B are at a riot. B commences A to throw a rock at C. So both A and B will be liable. Obviously, here there was no, Mr. Bailey of Kohl's never told Ms. Chu to leave, and he didn't want her to leave. He wanted her to return to get the matter resolved in a peaceful way, which is the policy of Kohl's that he followed. All of the cases that were cited by the man, she asserts that they're factually similar. They're in no way not. Sankey and Claussen both involved drag races. A drag race in and of itself is a misdemeanor in action. That has no bearing to this fact. In Sankey, the plaintiff was a passenger in the back seat. The defendant was a passenger in the front and actually encouraged the driver to speed and run through a stop sign, which obviously Mr. Bailey did not do here with Ms. Chu. In Claussen, the court had to decide whether or not another participant in a drag race who wasn't involved in an accident was also liable for its results, which the court found that he was. And again, of course, they were both participating in the drag race together with the same desires. And, of course, here Mr. Bailey did not want Ms. Chu to flee the premises. So those drag racing cases have no bearing on this court's decision. The Forte case involves a defendant that was acting as a lead vehicle for a semi-truck following a large load. And the defendant was required to give directions to the semi-truck and help assist him in stopping if traffic occurred. And in this case, actually, there was a collision and the lead vehicle failed to radio the semi-truck. And the court found that the jury's decision that the two were working together was enough to amount to substantial assistance. Again, in this case, the full security guard actions in no way would amount to substantial assistance, as he did not desire nor did he instruct Ms. Chu to speed or strike Ms. Chu's car. The plaintiff has failed to present any evidence that a genuine issue of material fact exists to go to the duty. And if there's any material fact that exists, as Judge O'Malley has already stated and ruled upon, it did not go to the existence of the duty and, therefore, his granting of summary judgment. And finding that there was no duty was actually correct. It would not make sound public policy to put a limit on security guards at retail establishments to have to refrain from pursuing fleeing shoplifters, the burdens on those defendants. Can they do anything as long as they don't make contact with the ultimate injured person? I think that that would be reasonable as long as their actions… Can they drive as fast as they want to? Well, they can't violate any local ordinances. If Mr. Bailey had been pulled over by police on the streets and had been acting recklessly or speeding, he would have been liable for his actions personally and potentially on behalf of Poles. But to the plaintiff in this circumstance… So if he was speeding when he was chasing Ms. Chu, and then he could be… I still don't believe so. No, there is no duty to Ms. Chu because there is absolutely no relationship. Okay. What about to Ms. Estes? I mean, Ms. Chu was the tortfeasor that struck Ms. Estes. Right. What if Ms. Estes had struck Ms. Chu being pursued and Ms. Chu was injured? If Ms. Chu was injured, then perhaps because she had been on the premises that day, maybe Ms. Chu had… No, if she hadn't been on the premises. If Ms. Estes had been on the premises or Ms. Chu? Well, wait. Ms. Estes was on the premises, correct? No, she was not. Okay. What if Ms. Estes… Let's forget the whole thing. It's getting too complicated. Well, under the facts of this case, there is no duty from Poles to Ms. Estes. Perhaps under the facts of another situation, the concerns of the court would be addressed. Under these facts, no duty can be found as the honorable judge… You're saying that as a matter of law, there has to be some contact or some special relationship? Yes. The injured person has to have been on the property of the Poles first or the security guard has to actually come into contact with her? Right. I believe those are the only reasonable times when a duty could be found, and that is the case law as it exists today. It has not cited to any case with any factual circumstances anywhere similar to this because no such case exists. The court has never found… And you don't think restatement 876 is applicable? It has absolutely no bearing on the facts of this case whatsoever. In her second amended complaint, we would construe it broadly. Do you think she attempted to plead a duty in that second amended complaint, count 3? I think she attempted to, but I think that it still fails. As the honorable judge found, it failed. Thank you, counsel. Any rebuttal? Your Honor, the suggestion by the defendant that you have to sit down and have a cup of coffee with your cold tort visa before there can be a conspiracy is simply not persuasive. The concerted activity between Ms. Chu and Coles was Coles' provocation of the car chase. The court established in Sankey that to be found to have concerted activity, there must be an affirmative action between cold tort visas. But don't you have to have a common purpose or a common goal? Well, I think the… I mean, Sankey, they were goading each other, and he was goading him to go faster, and they were all in it together. I mean, it does seem like the goals are different. I don't think that the case or the issue turns on goals, though. I think the restatement establishes that, one, the goading or the encouragement does not necessarily mean that they… I don't think any language in the restatement reflects goal discussion. I think activity, action discussion, is at the heart of the language in the restatement. So, therefore, the substantial encouragement can amount to exactly what the facts here suggest. You think restatement 876 could be applicable then? Correct, yes. And do you also think that it says advice or encouragement, that the mere fact that the security guard is alleged to have chased Ms. Chu, that that encouraged her to go fast and go through the intersection, causing the injury? Correct. Correct, that is how we are construing the actions of Coles in applying it to the restatement. The security guard employed by Coles certainly provoked the eventual consequences that Ms. Estes suffered. The reality is 876 precisely anticipates this kind of tortious activity. It doesn't have to track fact to fact. 876 doesn't only apply to drag races or frankly even car collisions, period. 876 focuses on the two, on the actions and the activity of two people whose efforts and activities combine, whether meaning to or not, that combine to create a tort, to a third part. And a common design may be something that has divergent interests. Certainly he wanted to stop her and she wanted to, I guess, evade. Keep going. Yes. That could be a common design. I think that's one interpretation. I think the restatement is broad enough to include the facts that are here, that manifest in the Estes case. I mean, the reality is these two actors, these two tort abusers were in a relationship. They, it might have been a tension field, but they were acting together. By no means would Ms. Chu have any reason to be racing down Longacre Avenue but for the provocation of a cause. So they don't have to be friends. They don't have to get together and say, hey, we're going to do this. At the point that the activity engages in tandem, the point that the activity engages as a result of each other's conduct, that creates the in concert tort that is the cause of action that Ms. Estes is relying upon. The reality is the judge defines the defendant liable under this theory. The facts certainly are disputable, but as they are alleged by this plaintiff, a relationship clearly exists. All drivers on the road have a relationship to each other. So to suggest that just because one, just because Paul's car did not impact Ms. Estes' does not relieve cause of this responsibility or liability to the injuries that Ms. Estes eventually suffered. Thank you, counsel, for your arguments and your briefs. We'll take them at your advice. Thank you.